## BLAISDELL *a.* RAYMOND.

*Supreme Court, First District; General Term, March,* 1858.

ACTION FOR LIBEL.—ANSWER.—VERIFICATION.

Under the act of 1854 (*Laws of* 1854, 153) the defendant may omit the verification of his answer, as respects *all* its allegations, wherever he would be excused from testifying as a witness to the truth of any matter denied by such answer.

In an action for libel, if the defendant denies the publication charged, he is entitled to omit the verification of his answer, as to all the defences set up.

Appeal from an order requiring the plaintiff's attorney to receive unverified answers.

This was an action for libel. The substance of the complaint (which was verified) is stated in a report of previous proceedings in the case (4 *Ante*, 446).

Two answers were served,—one on behalf of the alleged author of the article complained of, and the other on behalf of the publishers of the newspaper in which it was alleged that the article was published. Each of these answers contained the following denial:—" And the defendant denies each and every allegation in the plaintiff's complaint contained, not hereinafter specifically admitted." Then follow several specific admissions. Each of the answers also contained, secondly, matter in justification; and, thirdly, matter in mitigation. Neither answer was verified. They were both returned by the plaintiff's attorney for that reason, and the defendants moved that he be required to receive them. The motion having been granted at special term (see the decision reported 5 *Ante*, 144), the plaintiff appealed.

*C. F. Wetmore,* for the plaintiff, appellant, urged the points made upon the argument below, and added the following:—
I. It is only a *denial* that the defendant is privileged from verifying his answer. Under the Code and all the statutes regarding verifications, and all the authorities up to 1854, the answers must have been verified as to those allegations which set up

matter in justification or mitigation. (Clapper *v.* Fitzpatrick, 1 *Code R.*, 69, *S. C.*, 3 *How. Pr. R.*, 314.) The amendment of 1854 is not inconsistent with this rule, and should not be held to abrogate it. ( *Van Santvoord on Pl.*, 585–589.)

II. But the defendants have not set up a sufficient denial. The subsequent allegation, that the libellous matter is true, is inconsistent with a denial of publication, the fact of publication being a matter within their personal knowledge. The denial is not such as is required by the Code. It is neither a general nor a specific denial. (Moore *v.* Whiting, 21 *Barb.*, 190; Gilbert *v.* Cram, 12 *How. Pr. R.*, 455; Radde *v.* Ruckgaber, 3 *Duer*, 684; Hamilton *v.* Hough, 13 *How. Pr. R.*, 14; Seward *v.* Miller, 6 *Ib.*, 312; 9 *Ib.*, 246.) A general or specific denial is required, and must be set up absolutely. (Truscott *v.* Dole, 7 *How. Pr. R.*, 221; Hacket *v.* Richards, 11 *N. Y. Leg. Obs.*, 315.) The denial, as it is, is evasive, and leaves the whole matter to inference and speculation. To be a sufficient denial, it should have been so set up, that if false, it could be struck out, on motion, for that reason.

*Benj. V. Abbott*, for respondents.—I. The answers contain a good *denial* of the averment of *publication*, in the complaint. The form of the denial is, that defendants deny each and every allegation of the complaint not hereinafter specifically admitted. The allegation of publication is *not* one of those admitted. 1. This is " certain to a common intent." 2. This is good under section 149 of the Code,—which requires the answer to contain " a general or specific denial of each material allegation of the complaint, controverted by defendant." A general denial need not be of *every* allegation in the complaint, but only of each allegation controverted. Where several allegations are denied by one sweeping denial, this is equally a general denial whether they are *all* the allegations of the complaint, or only a part. 3. This form of answer has been expressly sanctioned by adjudication. (Parshall *v.* Tillon, 13 *How. Pr. R.*, 7; The Genesee Mutual Insurance Company *v.* Moynihen, 5 *Ib.*, 321.) 4. The genius of the Code encourages the use of the most easy and intelligible mode of pleading, in preference to requiring the employment of prescribed forms. Where there are many allegations in the complaint, if most of them are to be *admitted*, it is the easiest

and simplest way to *deny* the false ones, and leave the others to stand admitted by silence. But if most are to be *denied*, it is equally the easiest and simplest way to make express admission of the *true* ones, and deny the rest by a general denial. To require a denial of each allegation controverted by itself separately,—where there are, for example, ten false allegations and only two true ones,—is only to impose unnecessary labor on all parties. 5. It does not answer this view to say that defendant cannot make express admissions.

1. The Code nowhere forbids this. And by section 244, last clause ("where the answer *expressly*, or by not denying, *admits*," &c., amendment of 1857), the propriety of express admissions is recognized. And conceding that defendants cannot make an express admission, the only consequence is that *no* allegations are admitted, consequently all are denied. The denial of publication stands unshaken. 5. Nor does it answer this view to say that the denial of *publication* is inconsistent with the justification. This court has expressly decided at general term that these defences are not inconsistent. (Buhler *v.* Wentworth, 17 *Barb.*, 649.) If they *were* inconsistent it would not matter. They are regularly put in. Plaintiff's only remedy would be to move to compel defendants to elect between them; and unless they elected to abide by the justification, he could not require a verified answer.

II. Defendants would be privileged from testifying as to the truth of the allegation, that they published the article in question.

III. Therefore the act of 1854 (*Laws of* 1854, 153, *ch.* 75, § 1) applies. That act enacts that "the verification of any pleading in any court, &c., may be omitted in all cases where the party, &c., would be privileged from testifying as a witness to the truth of any matter denied by such pleading.

IV. Under the act of 1854, the proper practice is to omit entirely the verification of the answer, whenever the court can see from the pleadings that the party called upon to verify would be privileged from testifying to the truth of any matter denied. 1. This is the plain meaning of the act. 2. This construction is put upon the act by express decision. (Scovill *v.* New, 12 *How. Pr. R.*, 319; Lynch *v.* Todd, 13 *Ib.*, 546; Blaisdell *v.* Raymond, 5 *Abbotts' Pr. R.*, 144, the case at bar;

Wheeler *v.* Dixon, 14 *How. Pr. R.*, 151.) See also Hill *v.* Muller (2 *Sandf.*, 634), decided under like language in the Code of 1849, and Springsted *v.* Robinson (8 *How. Pr. R.*, 411), decided under the Code of 1851.

V. The cases in the reports adverse to this view of the practice were all decided under acts essentially different from that of 1854. (See opinion of Birdseye, J., in Blaisdell *v.* Raymond, 5 *Abbotts' Pr. R.*, 144 ; argument of defendant's counsel in same case ; opinion of Paige, J., in Wheeler *v.* Dixon, 14 *How. Pr. R.*, 151.)

By the Court.\*—Davies, J.—We are of opinion that under the act of 1854, the defendants are privileged from verifying these answers. The reasons for this conclusion are very fully given by Mr. Justice Birdseye in the opinion rendered by him at special term. The order appealed from must be affirmed upon those grounds.

Order affirmed, with costs.

---

\* Present, Davies, C. J., Clerke and Sutherland, JJ.